UNITED STATES DISTRICT BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: | |
| DEBORAH DEAMER GRIMES, | CHAPTER 13 |
| DEBTOR | CASE NO. 15-73193-BEM |

## NOTICE OF HEARING

**PLEASE TAKE NOTICE** that Deborah Deamer Grimes has filed a Motion to Approve Loan Modification and related papers with the Court seeking an Order granting the Motion.

**PLEASE TAKE FURTHER NOTICE** that the Court will hold a hearing on the Motion in **Courtroom 1402, Russell Federal Building, 75 Ted Turner Dr. SW, Atlanta, Georgia 30303 at 11:00 AM on December 19, 2017.**

Your rights may be affected by the Court's ruling on the Motion. You should read these pleadings carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. If you do not want the Court to grant the relief sought in the Motion or if you want the Court to consider your views, then you and/or your attorney must attend the hearing. You may also file a written response to the Motion with the Clerk at the address stated below, but you are not required to do so. If you file a written response, you must attach a certificate stating when, how and on whom (including addresses) you served the response. Mail or deliver your response so that it is received by the Clerk at least two business days before the hearing. The address of the Clerk's Office is: Clerk, U.S. Bankruptcy Court, 75 Ted Turner Dr. SW, Atlanta, Georgia 30303.

This November 14, 2017

                                                                Respectfully Submitted,
                                                JEFF FIELD & ASSOCIATES

                                                /s/ Christopher J. Sleeper
                                                _____
                                                CHRISTOPHER J. SLEEPER
                                                Attorney for Debtor
                                                State Bar No. 700884
                                                342 North Clarendon Avenue
                                                Scottdale, GA 30079
                                                404-499- 2700
                                                contactus@fieldlawoffice.com

UNITED STATES DISTRICT BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: | |
| DEBORAH DEAMER GRIMES, | CHAPTER 13 |
| DEBTOR | CASE NO. 15-73193-BEM |

**MOTION TO APPROVE LOAN MODIFICATION**

Comes now the Debtor, Deborah Deamer Grimes, by and through the undersigned counsel, and file this Motion and show to this Honorable Court the following:

1.

Debtor filed this Chapter 13 case on December 3, 2015. The Chapter 13 Plan was confirmed on February 26, 2016.

2.

MTGLQ INVESTORS, L.P. c/o Shellpoint Mortgage Servicing ("Shellpoint") holds the first mortgage on real property located at 5131 Timber Crest Dr., New Orleans, LA 70131. The current unpaid principal balance is $35,886.31 at an interest rate of 4.625%. Debtor's current arrears on the mortgage is $32,662.74. The Debtor's current monthly payment is $785.46 (principal, interest, taxes and insurance). Debtor's current maturity date is August 1, 2026.

3.

Shellpoint has agreed to modify the terms of the mortgage. The new principal balance will be $68,549.05 with all arrears being rolled into the loan. Debtors interest rate is being reduced to 4.250%. The new payment will be $913.04 (principal, interest, taxes and insurance). The term of the loan is being extended to August 1, 2057.

4.

Debtor seeks permission to accept the proposed loan modification. A copy of the Loan Modification Agreement is attached hereto as Exhibit "A".

5.

Debtor asserts that "good cause" exists for approving the proposed loan modification.

WHEREFORE, Debtor respectfully requests that this Motion be granted and for such other relief as the Court deems just and equitable.

Dated: November 14, 2017

                Respectfully Submitted,
                JEFF FIELD & ASSOCIATES

                /s/ Christopher J. Sleeper
                _____
                CHRISTOPHER J. SLEEPER
                Attorney for Debtor
                State Bar No. 700884

342 North Clarendon Avenue
Scottdale, GA 30079
404-499- 2700
contactus@fieldlawoffice.com

# Exhibit A



## Shellpoint
### Mortgage Servicing

DEBORAH DEAMER GRIMES
PO BOX 28534
ATLANTA, GA 30358

LoanID: ███████8019
Creditor: MTGLQ Investors, L.P.

August 7, 2017

RE: Property Address 5131 Timber Crest Dr  New Orleans LA 70131

Dear Valued Borrower,

Please find, enclosed, an executed copy of your final modification agreement for your records. If you have questions or concerns, please feel free to contact us at 866-825-2174 and we will be glad to answer any questions you may have.

Best regards,

Shellpoint Mortgage Servicing
Loss Mitigation Department

LoanID: ███████019

Upon recording return to:
Shellpoint Mortgage Servicing
55 Beattie Place Suite 110 (MS 157)
Greenville, SC 29601
Telephone: 866-825-2174
Loan Number: ▮▮▮▮3019
NMLS #: 3013



[Space Above This Line For Recording Data]

# MODIFICATION AGREEMENT

Borrower ("I"): Deborah Deamer Grimes
Lender or Servicer ("Lender"): Shellpoint Mortgage Servicing ("Shellpoint")
Date of mortgage, deed of trust, or security deed ("Mortgage") and Note: 08/01/2011
Loan Number ▮▮▮▮019
Property Address ("Property"): 5131 Timber Crest Dr, New Orleans, LA 70131

If my representations and covenants in Section 1 continue to be true in all material respects, then this Modification Agreement ("Agreement") will, as set forth in Section 3, amend and supplement (1) the Mortgage on the Property, and (2) the Note secured by the Mortgage. The Mortgage and Note together, as they may previously have been amended, are referred to as the "Loan Documents." Capitalized terms used in this Agreement and not defined have the meaning given to them in Loan Documents.

I understand that after I sign and return the original versions of this Agreement to the Lender, the Lender will send me a signed copy of this Agreement. This Agreement will not take effect unless the preconditions set forth in Section 2 have been satisfied.

1. **My Representations and Covenants.** I certify, represent to Lender, covenant and agree:

   A. I am experiencing a financial hardship, and as a result, (i) I am in default under the Loan Documents or my default is imminent, and (ii) I do not have sufficient income or access to sufficient liquid assets to make the monthly mortgage payments now or in the near future.

   B. The Property has not been condemned.

   C. There has been no impermissible change in the ownership of the Property since I signed the Loan Documents. A permissible change would be any transfer that the lender is required by law to allow, such as a transfer to add or remove a family member, spouse or domestic partner of the undersigned in the event of a death, divorce or marriage.

   D. I have provided documentation for **all** income that I receive (and I understand that I am not required to disclose child support or alimony unless I chose to rely on such income when requesting to qualify for the Modification Program ("Program")).

   E. Under penalty of perjury, all documents and information I have provided to Lender in connection with this Agreement, including the documents and information regarding my eligibility for the Program, are true and correct.

   F. If Lender requires me to obtain credit counseling in connection with the Program, I will do so.

   G. I have made or will make all payments required under a Trial Period Plan.

2. **Acknowledgements and Preconditions to Modification.** I understand and acknowledge that:

   A. If prior to the Modification Effective Date as set forth in Section 3 the Lender determines that any of my representations in Section 1 are no longer true and correct or any covenant in Section 1 has not been performed, the Loan Documents will not be modified and this Agreement will terminate. In that event, the Lender will have all of the rights and remedies provided by the Loan Documents.

   B. The Loan Documents will not be modified unless and until (i) the Lender accepts this Agreement by signing and returning a copy of it to me, and (ii) the Modification Effective Date, as set fourth in Section 3, has occurred. I further understand and agree that the Lender will not be obligated or bound to make any modification of the Loan Documents if I fail to meet any one of the requirements under this Agreement.

3. **The Modification.** If my representations and covenants in Section 1 continue to be true in all material respects and all preconditions to the modification set forth in Section 2 have been met, the Loan Documents will automatically become modified

---

1 If more than one Borrower or Mortgagor is executing this document, each is referred to as "I." For purposes of this document words signifying the singular (such as "I") shall include the plural (such as "we") and vice versa where appropriate.

MODIFICATION AGREEMENT          (page 1 of 5 pages)          P I000019 S-SFRECS20 L-▮▮▮▮3019

on 09/01/2017 (the "Modification Effective Date") and all unpaid late charges that remain unpaid will be waived. I understand that if I have failed to make any payments as a precondition to this modification under a Trial Period Plan, this modification will not take effect. The first modified payment will be due on 09/01/2017.

A. The Maturity Date will be 08/01/2057.

B. The modified principal balance of my Note will include all amounts and arrearages that will be past due as of the Modification Effective Date (including unpaid and deferred interest, fees, escrow advances and other costs, but excluding unpaid late charges, collectively, ("Unpaid Amounts") less any amounts paid to the Lender but not previously credited to my Loan. The new principal balance of my Note will be $68,549.05 (the "New Principal Balance"). I understand that by agreeing to add the Unpaid Amounts to the outstanding principal balance, the added Unpaid Amounts accrue interest based on the interest rate in effect under this Agreement. I also understand that this means interest will now accrue on the unpaid Interest that is added to the outstanding principal balance, which would not happen without this Agreement.

C. Interest at the rate of 4.25% will begin to accrue on the New Principal Balance as of 08/01/2017 and the first new monthly payment on the New Principal Balance will be due on 09/01/2017. My payment schedule for the modified Loan is as follows:

| Years | Interest Rate | Interest Rate Change Date | Monthly Principal and Interest Payment Amount | Estimated Monthly Escrow Payment Amount* | Total Monthly Payment* | Payment Begins On | Number of Monthly Payments |
|---|---|---|---|---|---|---|---|
| 1-40 | 4.25% | 08/01/2017 | $297.24 | $615.80 May adjust periodically | $913.04 May adjust periodically | 09/01/2017 | 480 |

*The escrow payments may be adjusted periodically in accordance with applicable law; therefore, my total monthly payment may change accordingly.

The above terms in this Section 3.C. shall supersede any provisions to the contrary in the Loan Documents, including but not limited to, provisions for an adjustable, step, or simple interest rate.

I understand that if I have a pay option adjustable rate mortgage loan, upon modification the minimum monthly payment option, the interest-only, or any other payment options will no longer be offered. The monthly payments, as described in the above payment schedule for my modified Loan, will be the minimum payment that will be due each month for the remaining term of the Loan. My modified Loan will not have a negative amortization feature that would allow me to pay less than the interest due resulting in any unpaid interest being added to the outstanding principal balance.

D. I will be in default if I do not comply with the terms of the Loan Documents, as modified by this Agreement.

E. If a default rate of interest is permitted under the Loan Documents, then in the event of default, the interest that will be due will be the rate set forth in Section 3.C.

F. THIS LOAN IS PAYABLE IN FULL AT MATURITY. YOU MUST REPAY THE ENTIRE PRINCIPAL BALANCE OF THE LOAN AND UNPAID INTEREST THAT IS DUE. THE AMORTIZED TERM OF YOUR LOAN IS GREATER THAN THE LENGTH OF YOUR MORTGAGE, RESULTING IN A FINAL BALLOON AMOUNT. YOUR FINAL BALLOON AMOUNT AND ANY DEFERRED PRINCIPAL BALANCE IS DUE UPON YOUR MATURITY DATE. THE LENDER IS UNDER NO OBLIGATION TO REFINANCE THE LOAN AT THAT TIME. YOU WILL, THEREFORE, BE REQUIRED TO MAKE PAYMENTS OUT OF OTHER ASSETS THAT YOU MAY OWN, OR YOU WILL HAVE TO FIND A LENDER WILLING TO LEND YOU THE MONEY, WHICH MAY BE THE LENDER YOU HAVE THE LOAN WITH. IF YOU REFINANCE THIS LOAN AT MATURITY, YOU MAY HAVE TO PAY SOME OR ALL OF THE CLOSING COSTS NORMALLY ASSOCIATED WITH A NEW LOAN.

4. **Additional Agreements.** I understand and acknowledge that:

A. All persons who signed the Loan Documents or their authorized representative(s) have signed this Agreement, unless (i) a borrower or co-borrower is deceased, (ii) the borrower and co-borrower are divorced and the property has been transferred to one spouse in the Divorce Decree, the spouse who no longer has an interest in the property need not sign this Agreement (although the non-signing spouse may continue to be held liable for the obligation under the Loan Documents), or (iii) the Lender has waived this requirement in writing.



B. This Agreement shall supersede the terms of any modification, forbearance, trial period plan or other workout plan that I previously entered into with Lender.

C. I must comply, except to the extent that they are modified by this Agreement, with all covenants, agreements, and requirements of Loan Documents including my agreement to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments, the amount of which may change periodically over the term of my Loan.

D. This Agreement constitutes notice that the Lender's waiver as to payment of escrow items, if any, has been revoked, and I have been advised of the amount needed to fully fund my escrow account.

E. The Loan Documents as modified by this Agreement are duly valid, binding agreements, enforceable in accordance with their terms and are hereby reaffirmed.

F. All terms and provisions of the Loan Documents, except as expressly modified by this Agreement, remain in full force and effect; nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents; and that except as otherwise specifically provided in, and as expressly modified by, this Agreement, the Lender and I will be bound by, and will comply with, all of the terms and conditions of the Loan Documents.

G. As of the Modification Effective Date, notwithstanding any other provision of the Loan Documents, if all or any part of the Property or any interest in it is sold or transferred without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by the Mortgage. Lender shall not exercise this option if state or federal law, rules or regulations prohibit the exercise of such option as of the date of such sale or transfer. If Lender exercises this option, Lender shall give me notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which I must pay all sums secured by the Mortgage. If I fail to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Mortgage without further notice or demand on me.

H. As of the Modification Effective Date, the Lender will only allow the transfer and assumption of the Loan, including this Agreement, to a transferee of my property as permitted under the Garn St. Germain Act, 12 U.S.C. Section 1701j-3. A buyer or transferee of the Property will not be permitted, under any other circumstance, to assume the Loan. Except as noted herein, this Agreement may not be assigned to, or assumed by, a buyer or transferee of the Property.

I. As of the Modification Effective Date, if any provision in the Note or in any addendum or amendment to the Note allowed for the assessment of a penalty for full or partial prepayment of the Note, such provision is null and void.

J. I will cooperate fully with Lender in obtaining any title endorsement(s), or similar title insurance product(s), and/or subordination agreement(s) that are necessary or required by the Lender's procedures to ensure that the modified mortgage Loan is in first lien position and/or is fully enforceable upon modification and that if, under any circumstance and not withstanding anything else to the contrary in this Agreement, the Lender does not receive such title endorsement(s), title insurance product(s) and/or subordination agreement(s), then the terms of this Agreement will not become effective on the Modification Effective Date and the Agreement will be null and void.

K. I will execute such other documents as may be reasonably necessary to either (i) consummate the terms and conditions of this Agreement; or (ii) correct the terms and conditions of this Agreement if an error is detected after execution of this Agreement. I understand that either a corrected Agreement or a letter agreement containing the correction will be provided to me for my signature. At Lender's option, this Agreement will be void and of no legal effect upon notice of such error. If I elect not to sign any such corrective documentation, the terms of the original Loan Documents shall continue in full force and effect, such terms will not be modified by this Agreement, and I will not be eligible for a modification under the Home Affordable Modification Program.

L. Mortgage Electronic Registration Systems, Inc. ("MERS") is a separate corporation organized and existing under the laws of Delaware and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, (888) 679-MERS. In cases where the loan has been registered with MERS who has only legal title to the interests granted by the borrower in the mortgage and who is acting solely as nominee for Lender and Lender's successors and assigns, MERS has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling the mortgage loan.

M. Lender will collect and record personal information, including, but not limited to, my name, address, telephone number, social security number, credit score, income, payment history, government monitoring information, and information about

MODIFICATION AGREEMENT             (page 3 of 5 pages)                      P I000021 S-SFRECS20         019

account balances and activity. In addition, I understand and consent to the disclosure of my personal information and the terms of the trial period plan and this Agreement by Lender to (i) the U.S. Department of the Treasury, (ii) Fannie Mae and Freddie Mac in connection with their responsibilities under the Home Affordability and Stability Plan; (iii) any investor, insurer, guarantor or servicer that owns, insures, guarantees or services my first lien or subordinate lien (if applicable) mortgage loan(s); (iv) companies that perform support services for the Home Affordable Modification Program and the Second Lien Modification Program; and (v) any HUD certified housing counselor.

N. If any document related to the Loan Documents and/or this Agreement is lost, misplaced, misstated, inaccurately reflects the true and correct terms and conditions of the Loan as modified, or is otherwise missing, I will comply with the Lender's request to execute, acknowledge, initial and deliver to the Lender any documentation the Lender deems necessary. If the Note is replaced, the Lender hereby indemnifies me against any loss associated with a demand on the Note. All documents the Lender requests of me under this Section 4.N. shall be referred to as "Documents." I agree to deliver the Documents within ten (10) days after I receive the Lender's written request for such replacement.

O. The mortgage insurance premiums on my Loan, if applicable, may increase as a result of the capitalization which will result in a higher total monthly payment. Furthermore, the date on which I may request cancellation of mortgage insurance may change as a result of the New Principal Balance.

P. If my Loan Documents govern a home equity loan or line of credit, then I agree that as of the Modification Effective Date, I am terminating my right to borrow new funds under my home equity loan or line of credit. This means that I cannot obtain additional advances, and must make payments according to this Agreement. (Lender may have previously terminated or suspended my right to obtain additional advances under my home equity loan or line of credit, and if so, I confirm and acknowledge that no additional advances may be obtained.)

MODIFICATION AGREEMENT                    (page 4 of 5 pages)

Space Below this Line for Individual Acknowledgement

BORROWER _Deborah Deamer Grimes_ (Seal)   COBORROWER _____ (Seal)

Signed, acknowledged and delivered in the presence of:

Witness _Robbie Boyd_ (Seal)    Witness _[signature]_ (Seal)

State of _Georgia_
County of _Fulton_

I certify that the following person(s) _Deborah Grimes_ and _Robie Boyd_ personally appeared before me this _26th_ day of _July_, 20_17_, and [ ] I have personal knowledge of the identity of the principal(s), [ ] I have seen satisfactory evidence of the principal's identity, by a current state or federal identification evidence of the principal's identity photograph in the form of a _Driver's license_, or [ ] credible witness has sworn to the identity of the principal(s); each acknowledging to me that he or she voluntarily signed the foregoing document for the purpose stated therein and in the capacity indicated:

Witness my hand and official seal, this _26_ day of _July_, 20_17_.

Notary Signature _Jane Atkinson_ (Seal)

Witness _Robbie Boyd_ (Seal)

Typed/Printed Name: _Rosie Boyd_

Notary Public, State of: _GEORGIA_

(VA Notaries) Reg. No.: _____

My Commission Expires: _March 25 2018_

Space Below this Line for Corporate Acknowledgement

Authorized Signer (Lender) Title _[signature]_ Cynthia M. Brock, Manager (Seal)

Signed, acknowledged and delivered in the presence of:

State of _South Carolina_
County of _Greenville_

I certify _Joshua N Brock_ personally appeared before me this _31st_ day of _July_, 20_17_ and acknowledged that he or she is an authorized signer for New Penn Financial dba Shellpoint Mortgage Servicing. I have personal knowledge of the identity of said officer, acknowledging to me that he or she voluntarily signed the foregoing document on behalf of the corporation for the purposes stated therein and in the capacity indicated.

Witness my hand and official seal, this _31st_ day of _July_, 20_17_.

Notary Signature _Jacquelin C. Lipscomb_ (Seal)

Witness _____ (Seal)

Typed/Printed Name: _Jacquelin C. Lipscomb_

Notary Public, State of: _South Carolina_

(VA Notaries) Reg. No.: _____

My Commission Expires:
JACQUELINE C. LIPSCOMB
Notary Public, State of South Carolina
My Commission Expires 8/1/2023

(Official Seal)

MODIFICATION AGREEMENT         (page 5 of 5 pages)         P I000023 S-SFRECS20██████3019

UNITED STATES DISTRICT BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: | |
| | |
| DEBORAH DEAMER GRIMES, | CHAPTER 13 |
| | |
| DEBTOR | CASE NO. 15-73193-BEM |

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day served a true and exact copy of the foregoing "Notice" and "Motion to Approve Loan Modification" to the following:

Mary Ida Townson, Chapter 13 Trustee        *Electronically*

Deborah Deamer Grimes
145 Northwood Drive D8
Atlanta, GA 30342

MTGLQ INVESTORS, L.P.
c/o Shellpoint Mortgage Servicing
P.O. Box 10675
Greenville, SC 29603-0675

MTGLQ INVESTORS, L.P.
c/o CT Corporation System
289 S Culver St
Lawrenceville, GA, 30046-4805

ASI Federal Credit Union
Attn: Jean B. Helmer, Collection Manager
5508 Citrus Blvd.
Harahan, LA 70123

by electronic service upon filing with the Court or by placing a copy of same in a properly addressed envelope with sufficient postage affixed thereon to insure delivery and depositing same in the United States Mail.

    Dated: November 14, 2017

                                    Respectfully Submitted,
                                    JEFF FIELD & ASSOCIATES

                                /s/ Christopher J. Sleeper
                                _____
                                CHRISTOPHER J. SLEEPER
                                Attorney for Debtor
                                State Bar No. 700884

342 North Clarendon Avenue
Scottdale, GA 30079
404-499- 2700
contactus@fieldlawoffice.com